**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Monolito J. Merriman,** | ) | **CASE NO. 1:20 CV 1827** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **Officer Cangemi, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

# INTRODUCTION

*Pro se* Plaintiff Monolito J. Merriman, a prisoner incarcerated in Richland Correctional Institution ("RCI"), brings this action under 42 U.S.C. § 1983 against the following defendants: Correction Officer Cangemi ("Officer Cangemi"); First Shift Captain J. Thomas ("Thomas"); R. Wilson ("Wilson"), "employe[e] at Richland Correctional Institution"; K. Allen ("Allen"), Deputy Warden of Special Services; Kelley Rose ("Rose"), Institution Inspector; Richland Correctional Institution ("RCI"); and the Ohio Department of Rehabilitation and Correction ("ODRC"). Doc. No. 1. Plaintiff alleges that Officer Cangemi made racist and discriminatory remarks and the prison staff should have "better handled" the incident.

For the reasons that follow, this action is dismissed.

# BACKGROUND

Plaintiff claims that on May 24, 2020, while he was in the food line, he overheard Officer Cangemi on the telephone, saying, "F * * * Ramadan and f * * * the muslims. I do not give a s * * * about them or their meals. F * * * their meals. I am leaving. [I have] better things to do.

Y'all have to deal with them when I am gone." Plaintiff states that the officer refused to give Plaintiff his name. Plaintiff asserts that following the incident, he sent a kite to Allen, the Deputy Warden of Special Services, who then forwarded the kite to Thomas, the first shift captain. According to Plaintiff's complaint, the shift captain "sided with the officer." Plaintiff, therefore, sent kites to Wilson, who would not provide Plaintiff the officer's name. Plaintiff then filed a grievance that was forwarded to Rose, Institution Inspector, who conducted an investigation into the incident. Thereafter, Plaintiff learned the officer's name and that Plaintiff's grievance was granted. Plaintiff states, however, that he then asked to grieve his complaint further, to the ODRC, where his grievance remains unanswered. Doc. No. 1 at PageID ## 3, 5.

In his Complaint, Plaintiff seeks an order "for the [Court] to hold Officer Cangemi responsible for the racist and discriminating remarks he made against Muslims, the Ramadan Meal, and how he truly feels inside." *Id.* at Page ID #4. Plaintiff also seeks disciplinary action against Thomas, Wilson, and Allen, stating that "this incident should have been better handled by staff." *Id.* Finally, he states that he would also "like to * * * sue" RCI, Officer Cangemi, Thomas, and Wilson, for "trying to cover all this up," as well as the ODRC. *Id.* at PageID ## 6-7.

## STANDARD OF REVIEW

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner,* 404 U.S. 519 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). That said, the Court is not required to conjure unpleaded facts or construct claims on Plaintiff's

behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

Plaintiff seeks to proceed with this action *in forma pauperis*. (Doc. No. 2). The district court must dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if the Court determines the action is frivolous or malicious, fails to state a claim for relief upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss an *in forma pauperis* action under § 1915(e) if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. In order to withstand scrutiny under §1915(e)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). *Id.* at 471 (internal quotation marks and citation omitted).

When determining whether the plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative

level on the assumption that all the allegations in the complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

The Supreme Court further explained the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff brings this claim under 42 U.S.C. § 1983. To state a claim under § 1983, the plaintiff must show that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Gomez v. Toledo,* 446 U.S. 635, 640 (1980) (citation omitted).

As an initial matter, RCI and the ODRC are not proper parties to this civil rights action. The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies and state officers sued in their official capacities. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985). The ODRC is clearly a state agency and entitled to Eleventh Amendment immunity. And RCI is a prison facility owned and operated by the ODRC and, therefore, also not a legal entity capable of being sued under § 1983. *See Miles v. Richland Corr. Inst.*, No. 1:14 CV 01648, 2015 U.S.

Dist. LEXIS 12722, at *7 (N.D.Ohio Jan. 27, 2015) (citing *Brown v. Imboden*, No. 1:11 CV 529, 2011 U.S. Dist. LEXIS 94059, 2011 WL 3704952 at * 2 (N.D.Ohio Aug.23, 2011) (finding that Mansfield Correctional Institution is not *sui juris* and, therefore, not capable of being sued under § 1983)).

Plaintiff's only claim purportedly asserts a denial of equal protection. The Equal Protection Clause prohibits discrimination by government actors that either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-682 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). When disparate treatment is shown, the equal protection analysis is determined by the classification used by government decision-makers.

Here, Plaintiff claims that Officer Cangemi made racist and discriminatory remarks about Muslims and their Ramadan meals while Plaintiff was in the food line. He also claims that the incident should have been better addressed by Thomas (the first shift captain), Wilson (an RCI employee, whose title or position is unclear), and Deputy Warden Allen.

Plaintiff fails to assert sufficient facts to suggest that Officer Cangemi denied him equal protection. In making an equal protection challenge, Plaintiff bears the initial burden of demonstrating that a discrimination of some substance has occurred against him which has not occurred against other individuals who were similarly situated. *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985); *Clements*

*v. Fashing*, 457 U.S. 957, 967, 102 S. Ct. 2836, 73 L. Ed. 2d 508 (1982). The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. *See Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir.2002) (citing *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir.2000); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir.1987); *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.), clarified on rehearing, 186 F.3d 633 (5th Cir.1999). Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest, or deny a prisoner equal protection of the laws. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987) (per curiam) (Eighth Amendment); *Patton*, 822 F.2d at 700 (due process); *Williams*, 180 F.3d at 705-06 (equal protection). *See generally Shabazz v. Cole*, 69 F. Supp.2d 177, 199-201 (D. Mass.1999) (collecting cases).

While Officer Cangemi's comments may have been offensive, and particularly reprehensible as they were uttered in the course of his official duties, his actions did not deprive Plaintiff of equal protection of the laws.

Moreover, even if Plaintiff had stated an actionable claim against Officer Cangemi, his claims against the remaining prison staff fail. While Plaintiff lists Rose, Institution Inspector, as a defendant, his complaint does not allege any facts against Rose. In fact, Plaintiff states in his complaint that Rose conducted an investigation, and consequently, his grievance was granted.

Additionally, Plaintiff does not allege that Thomas, Wilson, or Allen participated in the actions that Plaintiff claims was discriminatory. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 U.S. App.

LEXIS 36082, 1995 WL 559381 (6th Cir. Sept. 20, 1995).

To the extent Plaintiff alleges Thomas, Wilson, and Allen are liable as Officer Cangemi's supervisors, his claim has no merit. Plaintiff cannot hold a supervisor liable for the actions of an employee under a theory of *respondeat superior* based on the supervisor's right to control the employee or the supervisor's failure to act. *Bass v.* Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. *Id.* For liability to attach to the supervisors, Plaintiff must, therefore, allege facts to suggest that they did more than play a passive role in the alleged violations or show mere tacit approval of the officer's actions. *Id.* Plaintiff must show that the supervisors "'at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'" *Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (emphasis in original) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Plaintiff alleges no facts from which this Court can infer that Thomas, Wilson, or Allen implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct of Officer Cangemi.

## CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915 (e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 11/4/20